cordance with Federal Rule of Appellate Procedure (a)(2), Second Circuit Local Rule 34(d)(1).

YONG SHUANG CHEN, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 05–1223–ag.

United States Court of Appeals, Second Circuit.

Sept. 27, 2006.

Jeffrey C. Bloom, Flushing, New York, for Petitioner.

Margaret M. Chiara, United States Attorney for the Western District of Michigan, John F. Salan, Assistant United States Attorney, Grand Rapids, Michigan, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Yong Shuang Chen, a native and citizen of the People's Republic of China ("China"), seeks review of a February 3, 2005 order of the BIA affirming the October 21, 2003 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chen, Yong Shuang*, No. A73 168 026 (B.I.A. Feb. 3, 2005), *aff'g* No. A73 168 026

(Immig. Ct. N.Y. City Oct. 21, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard.

Notwithstanding the government's argument in its brief that this Court lacks jurisdiction to review Chen's petition because it was untimely filed, Chen did timely file her petition. The BIA decision from which Chen filed her petition was rendered on February 3, 2005, and she filed her petition on March 7, 2005. Although the petition would normally have been due on March 5, 2005, because that day was a Saturday, it was due on the day it was in fact filed. *See* Fed. R.App. P. 26(a)(3).

The Court will not consider Chen's argument that the IJ and BIA erroneously found her to be incredible, because the agency's finding was based on Chen's claim in her original asylum application that she suffered past persecution when she was both forcibly aborted and she and her husband were forcibly sterilized—a claim which she later denied having made—and because Chen asserts in her petition that she never claimed and does not now claim to have suffered past persecution. Further, the agency reasonably found that Chen did not establish a well-founded fear of future persecution based on the birth of her daughter in China in 1991, and her son in the United States in 2002. Specifically, the agency found that Chen failed to present any evidence, whether in her testimony before the IJ, in the documents she submitted in support of her claim, or in her appeal to the BIA, that she or her husband would be forcibly sterilized if returned to China. Moreover, according to the Asylum Profile, which the agency referred to in its decision, in Zheijiang Province, where Chen lived, "a second child is permitted if the first is a female," and at least some couples who have or conceive a second child while in the United States "and then return to China are, at worst, given modest fines." While the IJ and BIA were not bound by the country conditions report in the record, they were entitled to rely on it, because Chen presented no contradictory evidence that individuals returning to Zheijiang Province with two children—including one American-born child—are forced to undergo sterilization. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (finding that, "[i]n the absence of solid support in the record" for petitioner's assertion that he would be subjected to persecution on account of his two American-born children, "his fear [was] speculative at best").

Since Chen was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). And because Chen's CAT claim was predicated on the same objective likelihood of persecution needed to make out her asylum claim, she failed to establish eligibility for CAT relief. *Cf. Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DE-

NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).